

**FILED**

**September 22, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Betsy Jones | ) Docket No.  2017-07-0074 |
| | ) |
| v. | ) State File No. 910-2017 |
| | ) |
| Dollar General, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

---

### Affirmed and Remanded - Filed September 22, 2017

The employee, a manager of a retail store, alleges she suffered a hernia after stocking shelves with forty-pound bags of dog food.  The employer denied the claim on the bases the injury did not occur in the course and scope of her employment and did not meet the statutory requirements for a compensable hernia.  Following an expedited hearing, the trial court determined the employee presented sufficient evidence to satisfy her burden of proving she would likely prevail at trial in establishing she suffered a compensable hernia.  The employer has appealed, but did not file a brief or position statement explaining its position on appeal.  Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

James H. Tucker, Jr., and Travis Ledgerwood, Nashville, Tennessee, for the employer-appellant, Dollar General

Betsy Jones, Camden, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

Betsy Jones ("Employee") alleges she suffered a hernia on December 17, 2016 that arose out of and occurred in the course and scope of her employment with Dollar General ("Employer").  She contends she was stocking forty-pound bags of dog food and, after performing the work, noticed a small lump or bulge in her right lower abdomen just

above an appendectomy scar.  She denied feeling any pain when she noticed the lump and thought she might have pulled a muscle.  She did not report the incident that day.

On December 27, 2016, Employee was working with her supervisor at another store "lifting some heavy stuff" when she began to experience "really sharp pains" in her right lower abdomen.  She reported the pain to her supervisor and was told she might have "just pulled something" and to go home and rest.  Employee was scheduled to be off work the following day.  When she returned to work on December 29 she was still experiencing pain.  She called her supervisor and told her she was "still hurting" and wanted to get medical care.  The supervisor told her to call the Nurse's Hotline when she came to work on December 30.

When Employee called the hotline on the morning of December 30, she was directed to Waverly Family Medicine where she saw Dr. Lawrence Jackson.  He noted complaints of a knot in Employee's lower right abdomen accompanied by pain that had been worsening.  An ultrasound was performed that day, which did not reveal a hernia.  However, Employee testified at an expedited hearing that the technician did not scan the area where her knot was located, but instead limited the test to the area around her navel.  Employee testified that she returned to Dr. Jackson and told him the technician did not scan the area where the knot was located, and that he performed another examination and found a knot and pressed on it "[a]nd it went back in."  She testified that when she sat up the knot "came back out," and that Dr. Jackson then referred her to a surgeon.  It is undisputed that Dr. Jackson diagnosed Employee with an incisional hernia and referred her for surgical consultation.

Employer denied the claim on January 9, 2017, stating on the notice of denial that "[t]he injury did not occur in the course and scope of employment."  Following Employee's filing of a petition for benefit determination and the filing of a dispute certification notice, Employee requested an expedited hearing, which was completed on July 11, 2017.  Following the hearing, the trial court concluded Employee was likely to prevail in establishing the five statutory elements of a compensable hernia as set out in Tennessee Code Annotated section 50-6-212 (2016) and ordered medical benefits.  Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.  Tenn. Code Ann. § 50-6-239(c)(7) (2016) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise.").  However, we review questions of law *de novo* with no presumption of correctness.  *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel

2

Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). The interpretation and application of statutes and regulations concern issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

## Analysis

Employer makes three assertions in its notice of appeal: (1) "Employee did not establish her injury arose primarily out of her employment"; (2) "Employee failed to provide [sic] she suffered a hernia pursuant to [Tennessee Code Annotated section] 50-6-212"[1]; and (3) "[E]mployee's alleged hernia was not accompanied by pain, which is required by law." Aside from these three conclusory assertions, Employer has filed no brief or position statement, made no argument, cited no authority, or offered any meaningful explanation as to how the trial court's decision is incorrect. Thus, we have no way of knowing how Employer contends the trial court erred.

In numerous prior opinions,[2] we have reiterated the Tennessee Supreme Court's observation that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Consistent with this settled principle, we decline to speculate on what arguments Employer might make or to otherwise sift through the record in search of evidence that might support Employer's conclusory claims of error. *See Adams v. Gardino*, No. W2011-00773-COA-R3-CV, 2012 Tenn. App. LEXIS 644, at *4 (Tenn. Ct. App. Sept. 17, 2012) ("This Court will not blindly search the record to

---

[1] Tennessee Code Annotated section 50-6-212 provides that: "[i]n all claims for compensation for hernia or rupture, resulting from injury by accident arising primarily out of and in the course and scope of the employee's employment, it must be definitely proven to the satisfaction of the court that: (1) [t]here was an injury resulting in hernia or rupture; (2) [t]he hernia or rupture appeared suddenly; (3) [i]t was accompanied by pain; (4) [t]he hernia or rupture immediately followed the accident; and (5) [t]he hernia or rupture did not exist prior to the accident for which compensation is claimed."

[2] *See, e.g.*, *Beecher v. McKesson Corp.*, No. 2016-08-0279, 2017 TN Wrk. Comp. App. Bd. LEXIS 41, at *8-9 (Tenn. Workers' Comp. App. Bd. July 21, 2017); *Walton v. Averitt Express*, No. 2015-08-0306, 2017 TN Wrk. Comp. App. Bd. LEXIS 37, at *4-5 (Tenn. Workers' Comp. App. Bd. June 2, 2017); *Valentine v. Kellogg Cos.*, No. 2016-08-0288, 2017 TN Wrk. Comp. App. Bd. LEXIS 29, at *4-5 (Tenn. Workers' Comp. App. Bd. May 3, 2017); *McQuiddy v. St. Thomas Midtown Hosp.*, No. 2015-06-0593, 2016 TN Wrk. Comp. App. Bd. LEXIS 55, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 7, 2016); *Hardin v. DeWayne's Quality Metals*, No. 2015-07-0067, 2015 TN Wrk. Comp. App. Bd. LEXIS 45, at *4 (Tenn. Workers' Comp. App. Bd. Nov. 18, 2015); *Silas v. Brock Servs.*, No. 2014-02-0013, 2015 TN Wrk. Comp. App. Bd. LEXIS 35, at *10 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2015).

determine if any errors were committed."). *See also McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at \*7 (Tenn. Ct. App. Nov. 6, 2015) (appellate courts will not conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party). Were we to develop a party's argument, as would be necessary in this case, we would essentially be acting as that party's counsel and, in doing so, necessarily disadvantage the opposing party, which we cannot do.

Before concluding, we are compelled to address the assistance the trial judge provided Employee at the expedited hearing. Employee was not represented by counsel and, at the start of Employee's case in chief, the trial judge announced to the parties he was "going to do a few things that would happen normally if a lawyer were representing" the employee. The judge then asked Employee dozens of questions, spanning more than fourteen pages of the transcript. Indeed, the trial judge conducted the entirety of Employee's direct and re-direct examinations, eliciting evidence required for her to meet her burden of proof at the expedited hearing.

Our Supreme Court has observed that "trial judges should always use restraint and not interject themselves into a role in a trial which may be perceived as that of an advocate rather than an impartial arbiter." *State v. Riels*, 216 S.W.3d 737, 747 (Tenn. 2007). Similarly, "[i]t is fundamental that trial judges are not advocates and cannot offer legal advice to a party in a case being adjudicated before them." *Wright v. Cookeville Reg'l Med. Ctr.*, No. 2015-04-0181, 2017 TN Wrk. Comp. App. Bd. LEXIS 19, at \*11 (Tenn. Workers' Comp. App. Bd. Mar. 8, 2017). The reason for this rule is self-evident: an impartial judge is "indispensable to our system of justice." Tenn. Sup. Ct. R. 10, Preamble, Code of Judicial Conduct. Indeed, judges are legally and ethically required to "uphold and promote the independence, integrity, and *impartiality*" of the court system. Tenn. Sup. Ct. R. 10, Canon 1 (emphasis added). Judges risk creating a perception they are not neutral when they take it upon themselves to conduct the direct examination of a witness and assist a party in satisfying the elements of a prima facie case or meeting his or her burden of proof, as was done in this case.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Accordingly, the trial court's decision is affirmed, and the case is remanded.



**FILED**

**September 22, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Betsy Jones | ) | Docket No.   2017-07-0074 |
| | ) | |
| v. | ) | State File No.  910-2017 |
| | ) | |
| Dollar General, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of September, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Betsy A. Jones** | | | | | X | betsiboo2000@yahoo.com |
| **Travis Ledgerwood** | | | | | X | tledgerwood@manierherod.com |
| **James H. Tucker, Jr.** | | | | | X | jtucker@manierherod.com |
| **Allen Phillips, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov